UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **R.C.N. ASSOCIATES, INC. AND GC MARINE ELECTRIC LLC** | **CIVIL ACTION NO. 2:19-cv-14657** |
| **VERSUS** | **JUDGE CARL J. BARBIER** |
| **M/V SERENA CLUB,** *In Rem* **And CARA BELLA I, LLC,** *In Personam* | **MAG. JUDGE JANIS VAN MEERVELD** |
| **CARA BELLA I, LLC** | |
| **VERSUS** | |
| **HF ITALY, s.r.l.** | |

<u>**AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND CROSS CLAIM**</u>

COMES NOW Defendant, Counter Plaintiff and Cross Plaintiff Cara Bella I, LLC *in personam*, and as owner on behalf of the vessel M/V SERENA *in rem* (hereafter "Cara Bella I") and, for its Answer, Affirmative Defenses, Counterclaim, and Cross Claim, alleges as follows:

I.   <u>**ANSWER**</u>

1. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 1, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

2. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 2, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

3. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 3, Cara Bella I admits that Cara Bella I is a Florida limited liability company, but DENIES the remaining allegations.

4. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 4, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

5. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 5, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

6. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 6, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

7. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 7, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

8. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 8, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

9. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 9, Cara Bella I is without sufficient information as to the truth or falsity of said allegations and therefore DENIES the same.

10. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 10, Cara Bella I asserts that said Paragraph 10 does not require a response.

To the extent that Paragraph 10 of Plaintiffs' Complaint is inconsistent with Cara Bella I's assertions in the Answer, Cara Bella I DENIES the same.

11. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 11, Cara Bella I DENIES the same.

12. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 12, Cara Bella I DENIES the same.

13. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 13, Cara Bella I DENIES the same.

14. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 14, Cara Bella I DENIES the same.

15. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 15, Cara Bella I asserts that said Paragraph 15 does not require a response. To the extent that Paragraph 15 of Plaintiffs' Complaint is inconsistent with Cara Bella I's assertions in the Answer, Cara Bella I DENIES the same.

16. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 16, Cara Bella I DENIES the same.

17. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 17, Cara Bella I DENIES the same.

18. Responding to the allegations set forth in Plaintiffs' Complaint, Paragraph 18, Cara Bella I DENIES the same.

19. Responding to the allegations set forth in Plaintiffs' Wherefore allegations, Cara Bella I DENIES that Plaintiffs are entitled to any relief.

## **CARA BELLA I'S AFFIRMATIVE DEFENSES**

Without admitting any allegations of the Complaint that it has not explicitly admitted herein, Cara Bella I alleges and asserts the following affirmative defenses in response to the allegations of the of the Complaint:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs are estopped from recovering on their alleged claims because of their own actions, representations, or wrongdoing.

3. Plaintiffs' alleged damages, if any, were not proximately caused by any action or inaction on the part of Cara Bella I.

4. Any causes of action asserted in the Complaint against the Cara Bella I are barred by the doctrines of waiver and/or ratification.

5. Any causes of action asserted in the Complaint against the Cara Bella I are barred by the doctrine of estoppel.

6. Plaintiffs' claims fail due to unclean hands and/or other lack of equity.

7. Plaintiffs' claims fail due to lack of standing, including lack of injury, causation, and redressability.

8. Plaintiffs' claims fail due to offset and set off.

9. Plaintiffs' claims fail due to failure to mitigate.

10. Plaintiffs' claims fail due to speculative damages.

11. Plaintiffs' claims fail due to breach of contract.

12. Plaintiffs' claims fail due to excuse from performance.

13. Plaintiffs' claims fail due to prevention of performance.

14. Plaintiffs' claims fail due to materiality.

15. Plaintiffs' claims fail due to repudiation.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

Cara Bella I reserves all defenses under state and federal law, and any other defenses, at law or in equity, that may now exist or may in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Cara Bella I, LLC *in personam* and, as owner, on behalf of the vessel M/V SERENA *in rem*, request entry of judgment in its favor and against Plaintiffs as follows:

1. Dismissing Plaintiffs' Complaint in its entirety.

2. An award of Cara Bella I's attorneys' fees, costs, and reasonable expenses.

3. Granting such other and further relief as this Court may deem just and appropriate.

## II.  COUNTERCLAIM and CROSSCLAIM

## PARTIES AND VENUES

1. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because all of the work done on the vessel by the counter- and cross-defendants was done in the District and the vessel is currently in the District.

2. Cara Bella I, LLC, is a Florida Limited Liability Company and is principally involved as a vessel management corporation with its principal place of business in Miami, Florida.

3. On information and belief, Counter Defendant R.C.N. Associates, Inc. ("R.C.N. Associates"), a Florida company, is a vessel repair project management corporation with a principal place of business in Dania, Florida.

4. On information and belief Cross Defendant H.F. Italy s.r.l. is an Italian company doing business in the United States that claims it provides decking and paneling appropriate for use on commercial vessels sailing United States waters.

5. On information and belief Cross Defendant WaveGround, Inc. is a Florida Company, with its principal place of business in Miami, Florida, doing business in the district that claims it provides decking and paneling appropriate for use on commercial vessels sailing United States waters and, upon information and belief, is the alter ego of H.F. Italy s.r.l.

6. On information and belief Cross Defendant H.F. Italy USA is a Florida Company, with its principal place of business in Miami, Florida, doing business in the district that claims it provides decking and paneling appropriate for use on commercial vessels sailing United States waters and, upon information and belief, is the alter ego of H.F. Italy s.r.l.

## JURISDICTIONAL ALLEGATIONS

7. This is an admiralty and maritime claim within the meaning of FRCP 9(h) over which this Court has jurisdiction pursuant to Article III, Section 2 of the U.S. Constitution and 28 U.S.C. § 1333(1).

8. This Court has personal jurisdiction over Counter Defendant R.C.N. Associates based on their bringing this action and availing themselves to the jurisdiction and over Cross Defendants H.F. Italy, WaveGround, Inc., and HF Italy USA because of

their continuous and systematic business contact within in the district, which are sufficient to establish the Court's general personal jurisdiction over H.F. Italy, WaveGround, and HF Italy USA.

**GENERAL ALLEGATIONS**

9. On or about January 5th, 2018, for value exchanged, Cara Bella I purchased the 224-foot vessel named the SPECULATION for approximately $2 million. At or near the time of purchase Cara Bella I renamed the vessel to the M/V SERENA. At the time of purchase and currently the vessel was and is located in the district and it remains in the district as of the date of this pleading. Cara Bella I purchased this vessel to transform it into a luxury dinner cruise vessel with the intention of operating as such out of Miami, Florida.

10. At the time of purchase, the vessel had not been operational for many years and needed substantial work and renovation to upgrade so it could operate as a dinner cruise passenger vessel. In order to sail, the vessel and its appurtenances must, in all respects, be compliant with U.S. Coast Guard ("USCG") regulations enacted for the safety of passengers and crew.

11. In order to perform this work and manage the entire project, Cara Bella I entered into a Project Management Agreement, dated May 29th, 2018, with R.C.N. Associates. Inc. *See* attached as Exhibit A, a true and correct copy of the agreement.

12. Prior to entering into the agreement, Cara Bella I provide detailed information to R.C.N. Associates regarding the fact that the vessel had to meet USCG requirements and be a USCG -inspected vessel as it was going to operate out of Miami, Florida, carrying U.S. passengers in U.S. waters.

13. Cara Bella I felt comfortable in agreeing to turn this project over to R.C.N. Associates, Inc. because they represented that they were experts in the area of ship interior and design, that they provided quality work, and that they managed a turnkey operation that would meet Cara Bella I's schedule.  *See* attached as Exhibit B, a true and correct copy of the R.C.N. Associates, Inc. website making such representations.

14. Under the agreement, R.C.N. Associates acted as the project manager and was responsible for all aspects of the renovation, including locating the appropriate vendors, negotiating all of the terms of the agreement with the vendors, making sure that the work was performed in a timely manner, ensuring that the work was done in a quality manner, and supervising the vendors so that they would complete the project in a timely manner, and ensure that the materials selected for installation on the vessel met and were compliant with all applicable USCG requirements and regulations and that they were installed properly.  As a passenger vessel the MV SERENA is prohibited from sailing unless completely compliant with all applicable USCG. regulations enacted for the safety of passengers.   While it cannot sail, Cara Bella I suffers ongoing damages due to loss of income.

15.  Pursuant to the agreement, R.C.N. Associates vetted and hired H.F. Italy s.r.l., a European vendor, to install the decks and the wood paneling on the vessel.

16. In October of 2018, on the recommendation of R.C.N. Associates, Cara Bella I entered into two contracts with H.F. Italy and for the installation of the teak deck and the paneling in the vessel.  Pursuant to these agreements, H.F. Italy was to complete all work by February 10, 2019.  A true and correct copy of the contract for provision and installation

of the teak deck is attached as Exhibit C, a true and correct copy of the contract for provision and installation of the paneling is attached as Exhibit D.

17. This portion of the project has been an unmitigated disaster as the deck installed on the vessel by H.F. Italy under R.C.N. Associates' supervision was not properly laid down and is currently leaking water.

18. The wood paneling purchased by Cara Bella I from H.F. Italy and partially installed on the vessel is worthless and cannot be used on this vessel as it does not meet USCG specifications.

19. R.C.N. Associates and H.F. Italy did not properly install the insulation on the vessel.

20. H.F. Italy and R.C.N. Associates brought in an additional vendor, WaveGround, Inc., a company based in Florida, to repair and replace numerous doors for the vessel.

21. Upon receipt of the doors, it was discovered that they were not USCG-compliant. All of the doors provided and installed by R.C.N. Associates, H.F. Italy, and Waveground must now be replaced, to the detriment of Cara Bella. As a passenger vessel, without USCG-compliant doors, the MV SERENA cannot sail.

22. As of December 15, 2019, Cara Bella I, under the instructions of R.C.N. Associates, has paid to HF Italy $2,309,064.75 for the above materials and work, much of which has no benefit to Cara Bella I.

23. Despite numerous meetings and emails between the parties, R.C.N. Associates and H.F. Italy have failed to remedy the above issues and the project remains uncompleted.

24. The vessel is still in the yard and its scheduled completion date has been pushed back for months as R.C.N. Associates and H.F. Italy refuse to remedy their wrongful acts.

25. Waveground, HF Italy, and HF Italy USA, upon information and belief, have common ownership, employees, bank accounts and are alter egos of each other.

## FIRST COUNT

### Breach of Contract

26. The allegations of Paragraph 1 through 25 are incorporated by reference and are realleged.

27. Counter and Cross Defendants R.C.N. Associates and H.F. Italy breached the agreements set forth in the contracts by improperly installing the deck on the vessel and by providing and installing paneling that does not meet USCG specification.

28. Cara Bella I performed each and all of its obligations under the contracts by making all payments due until it learned of Counter and Cross Defendants' breach.

29. By virtue of their breach of contracts, Counter and Cross Defendants are liable to Cara Bella I for the total amount due of at least $2,309,064.75 plus additional damages due to the significant delay of the project.

## SECOND COUNT

### Negligent Design and/or Refurbishment

30. The allegations of Paragraph 1 through 29 are incorporated by reference and are realleged.

31. Counter and Cross Defendants negligently designed and/or refurbished the vessel by failing to properly install the deck and ordering and installing wood paneling that does not meet USCG specifications.

32. As a direct and proximate result of Counter and Cross Plaintiff's negligence regarding installation of the decking and the purchasing and installation of the paneling, Cara Bella I incurred substantial damages that will be set forth with specificity at the time of trial but of at least $2,309,064.

### THIRD COUNT

### Negligent and/or Intentional Misrepresentation

33. The allegations of Paragraph 1 through 32 are incorporated by reference and are realleged.

34. Counter and Cross Defendants negligently and/or intentionally misrepresented that they were qualified to refurbish and deliver a vessel in an adequate and seaworthy condition for use as a USCG-inspected vessel for use in U.S. waters, in compliance with the USCG requirements.

35. As a direct and proximate result of Cross and Counter Defendants' negligent and/or intentional misrepresentations, Cara Bella I suffered substantial damages that will be set forth with specificity at the time of trial but of at least $2,309,064.

### FOURTH COUNT

### Professional Negligence/Negligence

36. The allegations of Paragraph 1 through 35 are incorporated by reference and are realleged.

37. Counter and Cross Defendants' conduct and, in particular, the conduct of its principals Tassos Kalentzis for R.C.N. Associates and Johnny Freund for H.F. Italy in the choice and installation of the material for the vessel that was not appropriate for a dinner cruise vessel operating in U.S. waters, and was non-compliant with the USCG requirements, fell below the standard of care expected of a professional maritime project managers and vendors, and constitutes negligence.

38. As a direct and proximate result of Cross and Counter Defendants' negligent professional acts, Cara Bella I suffered substantial damages that will be set forth with specificity at the time of trial but of at least $2,309,064.

## FIFTH COUNT

### Breach of Implied Warranty of Fitness for a Particular Purpose

39. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 38 above, as though fully set forth herein.

40. At the time of contracting, Cross and Counter Defendants knew Cara Bella I intended to use the vessel as a dinner charter vessel to be operated in U.S. waters and that the vessel must be a USCG-inspected vessel as it would be taking on paying passengers and operating in U.S. waters.

41. At the time of contracting, Cross and Counter Defendants had reason to know Cara Bella I was relying on Counter and Cross Defendants' skill and judgment in refurbishing the vessel.

42. Cross and Counter Defendants breached the implied warranty of fitness for a particular purpose by refurbishing a vessel that was not in an adequate condition for commercial charter use in U.S. waters as a dinner cruise vessel, and that was not in compliance with the USCG requirements.

43. As a direct and proximate result of Cross and Counter Defendants' breaches of their warranty of fitness for a particular purpose, Cara Bella I incurred substantial damages that will be set forth with specificity at time of trial.

## SIXTH COUNT

### Breach of Implied Warranty of Merchantability

44. Cara Bella I realleges and incorporates the allegations set forth in paragraphs 1 through 43 above, as though fully set forth herein.

45. Cara Bella I contracted with Counter and Cross Defendants to have them refurbish the vessel to be a USCG-certified and -inspected charter vessel for use in U.S. waters.

46. The work that the Counter and Cross Defendants did on the vessel was not in an adequate condition and could not be used for a dinner charter operating in U.S. waters, due its non-compliance with USCG requirements.

47. The work on the vessel was not fit for the ordinary purposes of a vessel built to be used for commercial charter dinner cruise in U.S. waters, causing the Counter and Cross Defendants to breach their implied warranty of merchantability.

48. As a direct and proximate result of Cross and Counter Defendants' breaches of their implied warranty of merchantability, Cara Bella I incurred substantial damages that will be set forth with specificity at time of trial.

## SEVENTH COUNT

### Breach of Express Warranty and Guarantee

49. Cara Bella I realleges and incorporates the allegations set forth in paragraphs 1 through 48 above, as though fully set forth herein.

50. Among other things, Counter and Cross Defendants expressly warranted and guaranteed to Cara Bella I that they were capable of building a USCG-certified and -

inspected charter vessel for commercial charter use in U.S. waters. Counter and Cross Defendants expressly warranted that the vessel would be in an adequate condition for charter use in U.S. waters, in compliance with the USCG requirements.

51. Counter and Cross Defendants breached their express warranties.

52. As a direct and proximate result of Counter and Cross Defendants' breaches of express warranties, Cara Bella I incurred substantial damages that will be set forth with specificity at the time of trial.

### EIGHTH COUNT

53. Cara Bella I realleges and incorporates the allegations set forth in paragraphs 1 through 52 above, as though fully set forth herein.

54. Based on the allegations made above, the Defendants, H.F. Italy, H.F. Italy USA, and Waveground are or were the alter-egos of each other.

55. Defendants failed to preserve the proper corporate distinctions among themselves.

56. On information and belief, defendants H.F. Italy, H.F. Italy USA, and Waveground comingled funds, had the same employees, operated out the same offices, and have the same or similar ownership.

57. There is no functional legal distinction between the defendants; they are alter-egos of each other, and each is liable for the wrongs of the others.

58. Defendants Waveground and H.F. Italy USA are liable for any judgment this court might issue against H.F. Italy.

### VI. PRAYER FOR RELIEF

WHEREFORE, Cara Bella I, LLC prays for relief as follows:

1. For an award of damages in favor of Cara Bella I, LLC and against R.C.N. Associates, LLC, H.F. Italy s.r.l., Waveground, and HF Italy USA for such amounts as are proven at trial but for no less than $2,309,064;

2. Entry of judgment in favor of Cara Bella I, LLC and against R.C.N. Associates, LLC, H.F. Italy s.r.l., Waveground, and HF Italy USA for such amounts as are proven at trial but for no less than $2,309,064;

3. For an award of lost income, lost profits, loss of use;

4. Dismissal of all claims filed by R.C.N. Associates, LLC and GC Marine Electric, LLC.

5. An award of costs of suit, including an award of actual attorneys' fees, and all costs and expenses incurred in this litigation;

6. An award of pre- and post-judgment interest, at the maximum rate allowed by law; and

7. An award of any such other and further relief as the Court deems just and equitable.

Respectfully submitted;

/s/ Wilton E. Bland, III
WILTON E. BLAND, III (#3123)
MICHAEL T. NEUNER (#36605)
MOULEDOUX BLAND LEGRAND &
BRACKETT LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:   (504) 595-3000
Facsimile:   (504) 522-2121
E-mail:      wbland@mblb.com
             mneuner@mblb.com

CHARLES P. MOURE (Wa. #23701)
*Admitted Pro Hac Vice*
MOURE LAW, LLP
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
Telephone:   (206) 695-9202
Facsimile:   (203) 374-2293
E-mail:      charles@mourelaw.com
*Attorneys for Cara Bella I, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2020 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

<u>/s/ Wilton E. Bland, III</u>